IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK M. BRENNER, and
LISA M. BRENNER,

    Plaintiffs,

vs.                                                      Civ. No. 18-478 KG/KBM

THE BOARD OF COUNTY COMMISSIONERS (COUNCILORS)
FOR THE COUNTY OF LOS ALAMOS;
LOS ALAMOS COUNTY POLICE CHIEF
DINO SGAMBELLONE; LOS ALAMOS COUNTY
POLICE OFFICERS DOE 1 AND 2;
LOS ALAMOS COUNTY COUNCIL MEMBER JAMES CHROBOCINSKI,
LOS ALAMOS COUNTY COUNCIL MEMBER MARY SUSAN O'LEARY
both *individually and in their official capacity*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Motion to Alter or Amend Judgment, filed April 20, 2019, in which Plaintiffs seek relief under Fed. R. Civ. P. 59(e). (Doc. 26). Defendants Los Alamos County Council Members James Chrobocinski and Susan O'Leary (collectively, Council Defendants) filed a response on April 8, 2019. (Doc. 27). Defendants The Board of County Commissioners (Councilors) for the County of Los Alamos, Los Alamos County Police Chief Dino Sgambellone, and Los Alamos County Police Officers Doe 1 and 2 (collectively, County Defendants) filed a response on April 16, 2019, which includes a request for an award of attorneys' fees and costs. (Doc. 28). On April 30, 2019, Plaintiffs filed a consolidated reply. (Doc. 30). Having considered Plaintiffs' Motion to Alter or Amend Judgment and the accompanying briefing, the Court denies Plaintiffs' Motion to Alter or Amend Judgment, and denies County Defendants' request for an award of attorneys' fees and costs.

## I. Rule 59(e) Standard

"The granting of a motion to alter or amend is an extraordinary remedy which is used sparingly in order to further the strong public policy interest in finalizing litigation and conserving judicial resources." *Sala v. United States*, 251 F.R.D. 614, 619 (D. Colo. 2008) (quoting *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Kan. 1995)); *see also Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (noting that "once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments"). Hence, "[m]otions to alter or amend judgment are regarded with disfavor." *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010) (citing *Mellon v. Cessna Aircraft Co.*, 64 F. Supp. 2d 1061, 1063 (D. Kan. 1999)).

Rule 59(e) relief is appropriate only if there is new controlling law, new evidence not available previously, or a "need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Although the Court has discretion in deciding a Rule 59(e) motion, the Tenth Circuit has "restricted" that discretion "[g]iven the strength of [the] interest in finality…." *Nelson*, 921 F.3d at 929. For example, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision…." *Gutierrez v. Ashcroft,* 289 F.Supp.2d 555, 561 (D.N.J. 2003) *aff'd, Gutierrez v. Gonzales,* 125 Fed. Appx. 406 (3d Cir. 2005)). Furthermore, a losing party cannot "revisit issues already addressed or advance arguments that could have been raised in prior briefing" unless that party asserts the court committed clear legal error. *Servants of the Paraclete*, 204 F.3d at 1012; *see also Hayes Family Tr. v. State Farm Fire*

*& Cas. Co.*, 845 F.3d 997, 1005 (10th Cir. 2017) (stating that "a motion under Rule 59(e) allows a party to reargue previously articulated positions to correct clear legal error").

*II. Plaintiffs' Motion to Alter or Amend Judgment*

Plaintiffs allege in the Complaint Due to Deprivation of Civil Rights (Complaint) that Defendants unlawfully retaliated against them for exercising their First Amendment right to free speech. (Doc. 1). On March 6, 2019, the Court granted Defendants' Motion to Dismiss Plaintiff's [sic] Complaint for Failure to State a Claim (Motion to Dismiss) (Doc. 13) and dismissed the Complaint without prejudice. (Docs. 24 and 25). Plaintiffs now move under Rule 59(e) for the Court to reconsider three conclusions in its Memorandum Opinion and Order granting the Motion to Dismiss.

Plaintiffs contend that the Court committed clear error by misapplying the Fed. R. Civ. P. 12(b)(6) standard and misapprehending the facts alleged in the Complaint. Specifically, Plaintiffs argue that (1) the Court should have reasonably inferred from the Complaint's factual allegations that the Los Alamos County police presence at the May 16, 2017, Los Alamos County Council meeting was substantially motivated by Plaintiffs' opposition to the recreation bond (Rec. Bond) and Plaintiff Patrick Brenner's May 15, 2017, email to the Los Alamos County Council; (2) the Court should have reasonably inferred from the Complaint's factual allegations that the Los Alamos County police presence at the June 3, 2017, graduation was substantially motivated by Plaintiffs' opposition to the Rec. Bond and Plaintiff Patrick Brenner's May 15, 2017, email to the Los Alamos County Council; and (3) the Court should have recognized that the release of Plaintiff Patrick Brenner's ethics complaint against Council Defendants violated the Los Alamos County Charter's guarantee that ethics complaints remain confidential. (Doc. 26) at 2.

3

All Defendants oppose Plaintiffs' Motion to Alter or Amend Judgment.[1] Should County Defendants prevail on Plaintiffs' Motion to Alter or Amend Judgment, they seek an award of attorneys' fees and costs "associated with the defense of this Motion…." (Doc. 28) at 5.

III. Discussion

    *A. Whether the Court Should Grant Rule 59(e) Relief Based on Clear Error*

The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). "The court usually must have a 'clear conviction of error' or believe that the final judgment was 'dead wrong' before it will alter or amend a judgment on the basis of manifest error." S. Gensler, 2 *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 59 (Feb. 2019 update).

Plaintiffs argue that the Court committed clear error by "express[ing] disbelief that the facts as alleged supported a reasonable inference" instead of making inferences in the light most favorable to Plaintiffs as required by Rule 12(b)(6). (Doc. 26) at 5. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (stating that "for purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff"). Plaintiffs acknowledge that a Court can disbelieve allegations in a complaint under a Rule 12(b)(6) analysis if the "allegations … are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009)

---

[1] Nonetheless, Plaintiffs agree with Council Defendants that "Plaintiffs' Motion clearly does not ask the Court to reconsider the Court's decision as to" Council Defendants. *See* (Doc. 30) at 2.

(Souter, J., dissenting).[2]  Plaintiffs, however, contend that "[i]n the present instance there are no fantastical claims of time travel or little green men, there are only very plausible claims of retaliation against citizens exercising their First Amendment rights to criticize their government." (Doc. 26) at 5.

Of course, the *Iqbal/Twombly* standard screens out fantastical claims, but that is not the case here.  The *Iqbal/Twombly* standard "is designed to … screen out cases that, while not utterly impossible, are 'implausible.'"  *Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 630 (6th Cir. 2009).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

While a complaint need not include detailed factual allegations to demonstrate a plausible claim, "factual allegations must be enough to raise a right to relief above the speculative level...." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As the United States Supreme Court further explained in *Iqbal*:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678.  In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Moya v. Garcia*, 895 F.3d 1229, 1232 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1323

---

[2] While Justice Souter makes this statement in the dissent, he also states that he does "not understand the majority to disagree with this understanding of 'plausibility' under *Twombly*." *Id.* at 697.

(2019) (stating that "claim is plausible only if it contains sufficient factual allegations to allow the court to reasonably infer liability") (citing *Iqbal*, 556 U.S. at 678).

To determine plausibility, only "well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party." *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). In fact, courts "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Davis v. BAE Sys. Tech. Sols. & Servs. Inc.*, 764 Fed. Appx. 741, 743 (10th Cir. 2019) (citation omitted). Finally, courts must draw on their "judicial experience and common sense" to assess a claim's plausibility. *Iqbal*, 556 U.S. at 679.

The Court further notes that the plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them," i.e., to provide defendants with "'fair notice' of the nature of the claim" and fair notice of the "'grounds' on which the claim rests." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citation omitted).

*1. Police Presence at the May 16, 2017, Los Alamos County Council Meeting, and at the June 3, 2017, Graduation*

Applying the above Rule 12(b)(6) law, the Court accepted Plaintiffs' allegations as true and viewed them in the light most favorable to Plaintiffs, but the Court could not reasonably infer from those allegations that Plaintiffs alleged plausible First Amendment retaliation claims based on a police presence at the May 16, 2017, Los Alamos County Council meeting and at the June 3, 2017, graduation. (Doc. 24) at 10-11. Plaintiffs simply disagree with the Court's Rule 12(b)(6) analysis concerning that police presence.

Plaintiffs argue, in essence, that their allegations of a police presence are "consistent" with their First Amendment retaliation claims. In other words, Plaintiffs speculate that their exercise of First Amendment rights, and not other legitimate purposes like providing security, motivated County Defendants to provide a police presence at the May 16, 2017, Los Alamos County Council meeting and at the June 3, 2017, graduation. Considering the nature of Plaintiff's argument, the Court does not find that its conclusion regarding the police presence at the May 16, 2017, Los Alamos County Council meeting, and at the June 3, 2017, graduation constitutes an "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment" or was "dead wrong." Therefore, the Court did not commit "clear error." Considering the extraordinary nature of Rule 59(e) relief and the strong public interest in the finality of judgments, the Court denies Plaintiffs' request to alter or amend its decision to dismiss the First Amendment retaliation claims based on the police presence at the May 16, 2017, Los Alamos County Council meeting and at the June 3, 2017, graduation.

       2. *Release of Ethics Complaint in Violation of the Los Alamos County Charter*

The Court found Plaintiffs' statement in the Complaint that the Los Alamos County Charter guaranteed the confidentiality of the ethics complaint is conclusory and, thus, not a basis for a plausible First Amendment retaliation claim. (Doc. 24) at 13. The Court noted that Plaintiffs failed to provide "a citation to the County Charter or to any other law requiring confidentiality of ethics complaints and reports."[3] *Id.* Plaintiffs argue that "the Court committed clear error by misconstruing or misapprehending that it is a fact that the County Charter guarantees confidentiality and anonymity in the filing of ethics complaints." (Doc. 26) at 8.

---

[3] Plaintiffs now provide the Court with the provision of the Los Alamos County Charter requiring confidentiality of complaints against public officials. (Doc. 26-1).

Again, Plaintiffs simply disagree with the Court's assessment that the factually unsupported statement that the Los Alamos County Charter guaranteed the confidentiality of the ethics complaint is conclusory. Moreover, Plaintiff's failure to cite to a Los Alamos County Charter provision in the Complaint does not provide County Defendants fair notice of what Los Alamos County Charter provision allegedly supports Plaintiffs' First Amendment retaliation claim based on the release of the ethics complaint. Put another way, Plaintiffs did not give County Defendants fair notice of the basis of its First Amendment retaliation claim premised on the release of the ethics complaint. If, at the time Plaintiffs filed their lawsuit, they did not know which Los Alamos County Charter provision guaranteed the confidentiality of ethics complaints, the Court notes that "Rule 12(b)(6) does not allow a plaintiff to file a complaint devoid of supporting facts as a vehicle to commence discovery on the off chance some facts might exist which could support a plausible claim." *Roth v. Wilder*, 420 Fed. Appx. 804, 805 (10th Cir. 2011).

For the forgoing reasons, the Court does not find that its conclusion regarding the release of the ethics complaint constitutes an "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment" or was "dead wrong." Accordingly, the Court did not commit "clear error." As before, considering the extraordinary nature of Rule 59(e) relief and the strong public interest in the finality of judgments, the Court denies Plaintiffs' request to alter or amend its decision to dismiss the First Amendment retaliation claim based on the release of the ethics complaint.

*B. Whether the Court Should Award County Defendants Attorneys' Fees and Costs*

The Court notes that County Defendants do not cite any legal authority in support of their request for an award of attorneys' fees and costs. Even so, the Court does not find good cause, such

as bad faith, to award attorneys' fees and costs.  The Court, therefore, denies County Defendants' request for an award of attorneys' fees and costs.

IT IS ORDERED that:

1. Plaintiffs' Motion to Alter or Amend Judgment (Doc. 26) is denied; and

2. County Defendants' request for an award of attorneys' fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE